IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUKIA DRAME,
    Plaintiff,

v.     :     CIVIL ACTION NO. 19-CV-4798

CAPITAL COLLECTION SERVICE,
    Defendant.

## MEMORANDUM

**RUFE, J.**                                                                          OCTOBER   , 2019

This matter comes before the Court by way of a Complaint (ECF No. 2) lodged by Plaintiff Rukia Drame, proceeding *pro se*. Also before the Court is Drame's Motion to Proceed *In Forma Pauperis* (ECF No. 1). Because it appears that Drame is unable to afford to pay the filing fee, the Court will grant her leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS[1]

Drame instituted this civil action against Defendant Capital Collection Service seeking to bring claims under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). (ECF No. 2 at 2.)[2] Although the factual allegations of Drame's Complaint are sparse, it appears Drame is alleging that Capital Collection Services is a debt collector which attempted to collect a debt from Drame. (*Id.* at 5.) However, Drame does not set forth any details regarding: (1) the nature or amount of the debt at issue; (2) whether she disputed the debt; or (3) the date and time of any communications from Capital Collection Service.

---

[1] The facts set forth in this Memorandum are taken from Drame's Complaint (ECF No. 2).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Rather, Drame alleges, in broad, conclusory terms, that Capital Collection Service violated the FDCPA and the FCRA by: (1) communicating and reporting false and inaccurate information to the three major credit bureaus; (2) harassing Drame by mail and by phone in attempting to collect the debt; (3) falsely representing the character, amount, and legal status of the charged off debt; (4) threatening Drame with legal action in attempting to collect the debt; and (5) utilizing false, deceptive, and misleading representations in attempting to collect the debt, and obtain information from Drame. (*Id.*) Drame also alleges that Capital Collection Service invaded her privacy by calling Drame, leaving telephone messages, and sending her letters, all of which she alleges threatened legal action. (*Id.* at 6.) Drame further asserts that all three major credit agencies "conducted their own investigation[s]" and found that Capital Collection Service "had in fact been reporting false and inaccurate information[.]" (*Id.*) Despite this finding, Capital Collection Service allegedly continued to harass Drame through the mail. (*Id.*) Drame seeks damages "in excess of [$]500,000" for "injury to [her] reputation, invasion of privacy, damage to [her] credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, [and] humiliation[.]" (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Drame leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

2

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Drame is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise

3

unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

It appears Drame is seeking to bring claims under both the FDCPA and the FCRA. The Court will address each in turn. The FDCPA prohibits debt collectors from making false, deceptive, or misleading representations to collect a debt. *See* 15 U.S.C. § 1692(e). "A claim under the FDCPA 'may be brought . . . within one year from the date on which the violation occurs.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 148 (3d Cir. 2012) (quoting 15 U.S.C. § 1692k(d)). In the context of FDCPA claims, "communications from lenders to debtors [are analyzed] from the perspective of the 'least sophisticated debtor.'" *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011). The purpose of that standard is "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996)). However, "although this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Id.* at 354–55 (quoting *Nat'l Fin. Servs.*, 98 F.3d at 136).

With respect to the FCRA, the statute was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner"

4

(quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). To state a claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that "[s]he filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b), 1681n & § 1681o.

Although it appears that Drame is seeking to bring claims under these statutes, the Complaint does not sufficiently describe what action (or inaction) Capital Collection Service took that would form the basis for a cause of action under either the FDCPA or the FCRA. Without more specific facts regarding: (1) the nature of the debt; (2) the amount of the debt; (3) the dates and times Drame was contacted by Defendant regarding the debt; and (4) the method and content of those communications, among other information, Drame has not stated a plausible claim for relief under the FDCPA. The same is true with respect to her claim under the FCRA. All of Drame's allegations regarding Capital Collection Service's purported refusal to remove false information from her credit report with the three major credit bureaus are general and conclusory. She does not identify the accounts at issue, nor does she sufficiently allege any details regarding the nature of the false and inaccurate information, the filing of the required notice of dispute, or Defendant's failure to investigate and modify the information. Her allegations essentially repeat the language of the FCRA itself, but do not adequately state a plausible claim for relief as pled. Moreover, the Complaint also does not comply with the requirements of Rule 8 because it does not provide enough information to put Capital Collection Service on sufficient notice to prepare a defense, nor does the Complaint adequately inform the

5

Court of the issues that need to be determined in this matter. Accordingly, the Court will dismiss the Complaint. However, Drame will be granted given leave to file an amended complaint within thirty (30) days of the date of this Memorandum and its accompanying Order. Any amended complaint should clearly describe the factual basis for Drame's claims against Capital Collection Service.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Drame leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. However, Drame will be given leave to file an amended complaint in the event she can state a claim against Capital Collection Service. An appropriate Order follows.

BY THE COURT:

**CYNTHIA M. RUFE, J.**

6